IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MICHAEL PALOUIAN, | : | |
| Plaintiff, | : | CIVIL ACTION |
| v. | : | No. 13-CV-0293 |
| FIA CARD SERVICES D/B/A BANK OF AMERICA, AND X, Y, Z CORPORATIONS, | : | |
| Defendants. | : | |

**MEMORANDUM AND ORDER**

**Joyner, C. J.**                                                           **April 29, 2013**

Before this Court are Defendant's Motion to Dismiss the Plaintiff's Complaint (Doc. No. 5), Plaintiff's Response in opposition thereto (Doc. No. 8), and Defendant's Reply in further support thereof (Doc. No. 9). For the reasons set forth in this Memorandum, the Court will grant the Defendant's Motion to Dismiss, with leave to the Plaintiff to amend the Complaint to correct the deficiencies therein.

## I.  BACKGROUND

This case arises from a dispute between Plaintiff Michael Palouian and Defendant FIA Card Services, N.A. (identified by the Plaintiff as FIA Card Services d/b/a Bank of America) over the Defendant's report to unspecified credit reporting agencies about the Plaintiff's credit card account information. According to the allegations in the Plaintiff's Complaint, Defendant is an

1

entity that furnishes information to credit reporting agencies, and the Defendant furnished derogatory information about the Plaintiff's account to one or more credit reporting agencies. The Plaintiff claims that he disputed the accounts in writing with the Defendant. Although the Plaintiff does not dispute the existence of the debt, he disputes the high balance, interest, finance charges, fees, and the contract which might justify these. The Plaintiff asserts that these disputes "were bona fide legitimate disputes," and that the Defendant disregarded the Plaintiff's disputes and allowed the information to remain on the Plaintiff's credit report. The Plaintiff asserts that he disputed the accounts in writing with the relevant credit bureaus, and one or more of the credit reporting agencies conducted an investigation and contacted the Defendant. The Defendant allegedly verified the accounts with the agencies without stating that the account was disputed by the Plaintiff.

Attached to his Complaint, the Plaintiff provides a number of letters and documents to support his allegations. These include three letters from the Plaintiff to Bank of America stating that he disputes the information placed on his credit report and two letters from Bank of America "regarding a notice of activity reported by you to a consumer reporting agency." The first of these letters states that Bank of America attempted to contact him to validate the information, but was unable to reach

him and requests that the Plaintiff get in touch to resolve the matter. The letter states that if they do not hear from him within fourteen days, they will consider the matter resolved. The second letter states that because they had not received a response from the Plaintiff, they considered the matter resolved. The Plaintiff also attaches to the Complaint a number of pages from his credit report regarding the account in question.

The Complaint appears to assert a cause of action under 15 U.S.C. § 1861s-2(b) of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 et seq., although the Plaintiff also discusses section 1861s-2(a). The Complaint asserts that the Defendant is liable, and makes a demand for $1,225 in attorneys fees spent in filing the Complaint. The Defendant removed the Complaint from the Bucks County Court of Common Pleas on January 17, 2013. (Doc. No. 1). The Defendant filed the present Motion to Dismiss the Complaint on January 24, 2013 (Doc. No. 5), the Plaintiff responded in opposition on February 19, 2013 (Doc. No. 8), and the Defendant replied on February 27, 2013 (Doc. No. 9).

## II. STANDARD OF REVIEW

Defendant moves to dismiss the Plaintiff's claims under Fed. R. Civ. P. 12(b)(6) for failure to state a claim. In considering a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), a district court must "accept as true the factual allegations in the complaint and all reasonable inferences that can be drawn

3

therefrom." Krantz v. Prudential Invs. Fund Mgmt., 305 F.3d 140, 142 (3d Cir. 2002) (quoting Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. "Threadbare" recitations of the elements of a claim supported only by "conclusory statements" will not suffice. Id. Rather, a plaintiff must allege some facts to raise the allegation above the level of mere speculation. Great Western Mining & Mineral Co. v. Fox Rothschild LLP, 615 F.3d 159, 176 (3d Cir. 2010) (citing Twombly, 550 U.S. at 555). "Once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." Twombly, 550 U.S. at 563.

### III. DISCUSSION

The Defendant's Motion to Dismiss raises three issues with the Plaintiff's Complaint. First, the Defendant argues that the Plaintiff cannot sue for a violation of 15 U.S.C. § 1681s-2(a), as claims under this section are available only to the

government. (Def.'s Br. in Supp. of Mot. to Dismiss, at 7, Doc. No. 5). Second, the Defendant argues that the Plaintiff fails to state a claim for a violation of 15 U.S.C. § 1681s-2(b). (Id. at 8). Finally, the Defendant argues that the Plaintiff's Complaint is deficient because he fails to allege any damages apart from expenditure of attorney's fees in pursuit of the Complaint. (Id. at 10).

The Plaintiff, in his response to the Defendant's Motion, concedes that there is no private right of action under subsection 1681s-2(a) of the FCRA, but asserts that sufficient facts have been pled to sustain a claim under subsection 1681s-2(b). (Br. in Supp. of Pl.'s Answer to Def.'s Mot. to Dismiss, at 1, Doc. No. 8-1). The Plaintiff's response does not address the Defendant's argument about damages.

The Court must decide whether the Plaintiff has sufficiently alleged a claim under subsection 1681s-2(b) of the FCRA. Subsection 1681s-2(b) does not explicitly require a furnisher of information, like the Defendant, to notify a credit reporting agency that an account is disputed. This subsection merely requires a furnisher to investigate "the completeness or accuracy" of any information furnished upon notice of an inaccuracy. 15 U.S.C. § 1681s-2(b)(1). The Third Circuit has determined that consumers wishing to avail themselves of this private action "must first file a dispute with the consumer

reporting agency, which then must notify the furnisher of information that a dispute exists." SimmsParris v. Countrywide Financial Corp., 652 F.3d 355, 359 (3d Cir. 2011). Only after the consumer notifies the consumer reporting agency, who then notifies the furnisher, can the furnisher be liable to the consumer for failing to investigate the completeness or accuracy of information.

Although the Third Circuit has not addressed this precise issue, other Courts of Appeals, along with District Courts within this Circuit, have determined that a furnisher's failure to report a debt as disputed can create liability under subsection 1681s-2(b). See Gorman v. Wolpoff & Abramson, LLP, 584 F.3d 1147, 1163 (9th Cir. 2009) (holding that failure to report a dispute that is bona fide could give rise to liability under subsection (b)); Saunders v. Branch Banking & Trust Co. of Va., 526 F.3d 142, 150 (4th Cir. 2008) (holding that a bank's failure to report a debt as disputed gave rise to liability under the FCRA); see also Seamans v. Temple Univ., 11-6774, 2012 WL 5287900, at *14 (E.D. Pa. Oct. 25, 2012) (Dalzell, J.); Shap v. Capital One Financial Corp., 11-4461, 2012 WL 1080127, at *3-4 (E.D. Pa. March 30, 2012) (Rufe, J.); Van Veen v. Equifax Information, 844 F. Supp. 2d 599, 606 (E.D. Pa. 2012) (Diamond, J.). These courts have all relied upon the principle that the debt must be bona fide in order for the furnisher to be liable.

The Court finds this conclusion persuasive.  A majority of Circuits has held that technically accurate but misleading information in a credit report can be "inaccurate" under the FCRA.  See Gorman, 584 F.3d at 1163; Saunders, 526 F.3d at 148; Sepulvado v. CSC Credit Servs., Inc., 158 F.3d 890, 895 (5th Cir. 1998); Koropoulos v. Credit Bureau, Inc., 734 F.2d 37, 40 (D.C. Cir. 1984).  The Third Circuit articulated this position in an unpublished opinion, stating "a consumer report that contains technically accurate information may be deemed inaccurate if the statement is presented in such a way that it creates a misleading impression."  Schweitzer v. Equifax Information Solutions, LLC, 441 F. App'x 896, 902 (3d Cir. 2011) (quoting Saunders, 526 F.3d at 148).  If a debt is bona fide, a failure to report the dispute of that debt on a consumer report can be misleading.

This conclusion is consistent with other provisions of the Act.  For example, subsection 1681s-2(a)(8)(F) states that a furnisher is not under a duty to report disputes where the consumer's dispute is "frivolous or irrelevant."  15 U.S.C. § 1681s-2(a)(8)(F)(i).  We agree with our colleague, Judge Rufe, who concluded that this provision "evidences the intent of Congress to include information that an account is disputed within the category of information that a furnisher must report to ensure completeness and accuracy in a consumer's credit report where the dispute submitted is bona fide."  Shap, 2012 WL

1080127, at *4.

Having concluded that the failure to report a bona fide dispute can give rise to liability under subsection 1681s-2(b) of the FCRA, the Court must now consider what constitutes a bona fide dispute and whether the Plaintiff has sufficiently alleged one with the Defendant. Again, the provisions of the FCRA are helpful. Subsection 1681s-2(a)(8)(F) tells us that the duty to investigate and report disputes does not apply if a dispute is frivolous or irrelevant, including "by reason of the failure of a consumer to provide sufficient information to investigate the disputed information." 15 U.S.C. § 1681s-2(a)(8)(F)(i)(I). In another subsection, the Act specifies the information that a consumer who disputes the accuracy of information must provide to the furnisher, including "(i) identif[ying] the specific information that is being disputed; (ii) explain[ing] the basis for the dispute; and (iii) includ[ing] all supporting documentation required by the furnisher to substantiate the basis of the dispute." 15 U.S.C. § 1681s-2(a)(8)(D). In light of these provisions, the Court determines that a dispute is frivolous if the consumer has failed to provide sufficient information to the furnisher to aid in the furnisher's investigation of the dispute. If the dispute is frivolous, the furnisher cannot be liable to the consumer for the failure to investigate the completeness or accuracy of information under

8

§ 1681s-2(b).

In the Plaintiff's Complaint, he declares "Plaintiff's disputes with Defendant were bona fide legitimate disputes." (Compl., at ¶ 16, Doc. No. 1). This allegation alone does not properly plead a bona fide dispute; rather, this is the sort of conclusory statement insufficient to establish the plausibility of a claim under <u>Ashcroft v. Iqbal</u>. 556 U.S. at 678. The Plaintiff has not shown that he provided sufficient information to the Defendant to enable the Defendant to investigate his dispute. Instead, the exhibits attached to the Complaint, purportedly in support of his claim, show that the Defendant made at least one attempt to contact the Plaintiff to investigate the dispute, to which the Plaintiff failed to reply. The Court may consider this exhibit attached to the Complaint in ruling on the Motion to Dismiss. <u>See</u> <u>Pension Ben. Guar. Corp. v. White Consol. Indus., Inc.</u>, 998 F.2d 1192, 1196 (3d Cir. 1993) ("To decide a motion to dismiss, courts generally consider only the allegations contained in the complaint, exhibits attached to the complaint and matters of public record."). As the allegations in the Complaint and the exhibits attached thereto demonstrate that the Plaintiff's dispute was not bona fide, he fails to state a claim under subsection 1681s-2(b) of the FCRA. The Court therefore grants the Defendant's Motion to Dismiss the Plaintiff's Complaint.

"[I]f a complaint is subject to a Rule 12(b)(6) dismissal, a district court must permit a curative amendment unless such an amendment would be inequitable or futile." Phillips v. Cnty. Of Allegheny, 515 F.3d 225, 445 (3d Cir. 2008). Leave to amend must be given even if the Plaintiff does not seek it. Id. Because there are facts that could be pled that would support a claim under subsection 1681s-2(b), leave to amend would not be futile. The Court therefore grants the Plaintiff leave to amend his Complaint to properly state a claim under subsection 1681s-2(b) of the FCRA, if he can do so.

Because the Court concludes that the Plaintiff's Complaint fails to state a claim and dismisses it under Fed. R. Civ. P. 12(b)(6), we need not delve far into the Defendants' third argument – the Complaint's failure to specify damages. However, as we are granting the Plaintiff leave to amend his Complaint, the Court will note that the Plaintiff must include an assertion of damages in his Complaint, if he chooses to amend. This assertion of damages must be specific and cannot merely amount to attorneys fees. Finally, we will take the opportunity to advise Plaintiff's counsel that a largely generic and non-specific amended Complaint like the first Complaint, which simply references attached exhibits that do not in fact support its broad conclusory statements, will not succeed. Under the standard established in Ashcroft v. Iqbal, the Plaintiff must

10

allege factual content; threadbare recitations of the elements of a claim supported by conclusory statements will not suffice.  556 U.S. at 678.

### IV.  **CONCLUSION**

For the foregoing reasons, the Court grants the Defendant's Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6).  The Plaintiff has leave to amend the Complaint within twenty days of entry of the accompanying Order to properly assert a bona fide debt as required to state a claim under 15 U.S.C. § 1681s-2(b).  An order to this effect follows.